Filed 10/16/20  P. v. Sosa CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B300698 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA358526) |
| v. | |
| RODRIGO SOSA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles Count, Jose I. Sandoval, Judge.  Dismissed.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

# I.   INTRODUCTION

Defendant and appellant Rodrigo Sosa appeals from the trial court's order denying his motion for relief from a fine and assessments imposed as part of his sentence.  The Attorney General argues we should dismiss defendant's appeal as having been taken from a nonappealable order.  We dismiss defendant's appeal.

# II.   BACKGROUND

In 2011, a jury convicted defendant of second degree murder (Pen. Code, § 187, subd. (a)[1]) and found true the allegation that he personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)).  The trial court sentenced defendant to 16 years to life in state prison and imposed a $200 restitution fine (§ 1202.4, subd. (b)(1)), a $30 court operations assessment (§ 1465.8), and a $30 court facilities assessment (Gov. Code, § 70373).

On January 9, 2012, in Case No. B231101, a prior panel of this Division affirmed defendant's conviction as modified.[2]  On March 14, 2012, in Case No. S199973, the California Supreme Court denied defendant's petition for review.  The remittitur issued to the Superior Court on March 21, 2012.

---

[1]     All further statutory citations are to the Penal Code unless otherwise noted.

[2]     The panel modified the $30 court operations assessment to $40.

2

On June 6, 2019, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant filed a motion seeking relief from the fine and assessments imposed as part of his sentence. On June 12, 2019, the trial court summarily denied defendant's motion.

## III.   DISCUSSION

Defendant contends the trial court erred in denying his motion for relief from the fine and assessments without holding a hearing to determine his ability to pay. Citing *People v. Torres* (2020) 44 Cal.App.5th 1081 (*Torres*), the Attorney General argues that we should dismiss defendant's appeal because the trial court was without jurisdiction to grant the relief defendant sought and defendant's appeal thus is from a nonappealable order. We agree with the Attorney General.

"Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. [Citations.][3] If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed. [Citations.]" (*Torres, supra*, 44 Cal.App.5th at p. 1084.)

---

[3]     The court discussed exceptions to the general rule that were not applicable to the case before it (*Torres, supra*, 44 Cal.App.5th at p. 1085) and that are not applicable to the case before us.

In *Torres, supra*, 44 Cal.App.5th 1081, the Court of Appeal considered a trial court's jurisdiction under section 1237.2[4] to hear a *Dueñas* motion after the defendant's direct appeal has concluded. (*Torres, supra*, 44 Cal.App.5th at p. 1083.) The court held, "[T]he jurisdiction created by [section 1237.2] does not extend beyond the pendency of a defendant's direct appeal from his or her judgment of conviction. Because Torres's motion to correct his sentence was made after his direct appeal had concluded, section 1237.2 did not give the trial court jurisdiction to grant the motion. Because no other jurisdictional basis applies, the order denying the motion was nonappealable, and the appeal must be dismissed." (*Id*. at p. 1088.)

Defendant contends the Attorney General's reliance on *Torres, supra*, 44 Cal.App.5th 1081 is misplaced. He appears to argue that the trial court had jurisdiction to hear his motion because his claim is grounded in his federal constitutional rights to due process and to be free from cruel and unusual punishment.

---

[4]    Section 1237.2 provides:

"An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

4

Defendant does not explain how a claimed violation of these constitutional rights conferred jurisdiction on the trial court to consider his motion after his conviction became final.  (See *Torres, supra*, 44 Cal.App.5th at p. 1088 [after rejecting jurisdiction under section 1273.2, the court concluded there was no other applicable jurisdictional basis].)  We therefore reject his argument.

## IV.   DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


RUBIN, P. J.


MOOR, J.